# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

### CIVIL CASE NO. 1:04cv146
### (4:96cr53)

| | |
|---|---|
| **ANTHONY HOEY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   **MEMORANUM AND ORDER** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence, filed July 30, 2004. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. §2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for

1

its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

The Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

## PROCEDURAL HISTORY

On July 9, 1996, the Petitioner was charged along with thirteen co-defendants with conspiracy to manufacture, distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §846. **Bill of Indictment, filed July 9, 1996.** The Government subsequently filed notice pursuant to 21 U.S.C. §851 of the Petitioner's prior felony drug conviction in state court in 1990. **Bill of Information, filed July 25, 1996.** In addition, the Government filed an information alleging that more than 5 kilograms of cocaine and more than 50 grams of cocaine base were involved in the conspiracy. **Information pursuant to 21 U.S.C. §841(b).** The Petitioner elected to go to trial along with one co-defendant and was found guilty by jury verdict of the conspiracy charge in the indictment. **Verdict Sheet, filed June 19, 1997.** On April 17, 1998,

the undersigned sentenced the Petitioner to 240 months imprisonment. **Judgment in a Criminal Case, filed April 17, 1998.** The Petitioner appealed the conviction and sentence but the United States Fourth Circuit Court of Appeals affirmed on August 11, 2003. ***United States v. Hoey*, 71 Fed.Appx. 962 (4th Cir. 2003).** On appeal, Petitioner raised the following grounds, each of which was rejected by the Circuit: (1) he did not receive notice from the Government of the information it filed concerning his prior criminal conviction; (2) the Court's attribution of drug quantities to him was erroneous; and (3) the fact that the transcript of the opening and closing arguments from the trial were missing violated his due process rights.

On July 30, 2004, Petitioner timely filed this motion pursuant to 28 U.S.C. §2255 raising numerous grounds which are addressed sequentially.

## STANDARD OF REVIEW

In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive

3

the defendant of a fair trial, a trial whose result is reliable.

**Strickland v. Washington, 466 U.S. 668, 686 (1984).** Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. *Id.* Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result would have been different. *Id.*, at 688; **Hill v. Lockhart, 474 U.S. 52 (1985); Fields v. Attorney Gen., 956 F.2d 1290 (4th Cir. 1992) (In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, she would not have pled guilty).** If the defendant fails to make the first showing, there is no need to consider the second. **Strickland, supra.**

The standard to be applied to the Petitioner's other grounds will be stated during the discussion *infra*.

## DISCUSSION

The Petitioner's first argument is that the indictment charged a single conspiracy but the evidence at trial showed the existence of multiple

conspiracies. Robert Moore, one of the Petitioner's co-defendants, testified during his trial that Owen Odman and Eric Wheeler ran a large cocaine conspiracy in Western North Carolina. They would personally transport powder cocaine from New York to North Carolina where it was cooked into crack form. Their main distributor in North Carolina was Tony Young who operated through street level dealers. Moore testified that he had known the Petitioner since high school and personally saw Young provide the Petitioner with cocaine base for sale. Moore also admitted that he had himself been a street level dealer for Young.

The Petitioner and co-defendant Anthony Blackwood were the only two defendants to go to trial in 1997.[1] Cleveland County Deputy Sheriff Kenny Smith testified during the trial to a confession made by Blackwood after his arrest. Blackwood, who was a Jamaican living in New York, admitted that Odman arranged for him to move to Shelby, North Carolina where his job was to collect from Odman's distributors, including Young. Blackwood provided extensive information about the conspiracy and the participants therein.

---

[1]Co-defendant Odman was a fugitive during this trial. He was later arrested, tried and found guilty.

Tony Young also testified during the Petitioner's trial. He admitted that he was furnished with cocaine and cocaine base by Odman and that the Petitioner worked "below" Young. Young also testified that the Petitioner had "his own people" working for him. Young would "front" the drugs to the Petitioner who would pay him in about a week after selling the cocaine. Young described himself as a "middle manager" in Odman's operation.

> In cases where a defendant is charged with conspiracy, a district court must issue a "multiple conspiracies" instruction where the evidence supports a finding that multiple conspiracies existed. However, "'[a] multiple conspiracy instruction is not required unless the proof at trial demonstrates that [the defendant] [was] involved *only* in [a] separate conspirac[y] *unrelated* to the overall conspiracy charged in the indictment.'" [The Fourth Circuit] ha[s] noted that a single overall conspiracy can be distinguished from multiple independent conspiracies based on the overlap in actors, methods, and goals: "A single conspiracy exists where there is 'one overall agreement,' or 'one general business venture.' Whether there is a single conspiracy or multiple conspiracies depends upon the overlap of key actors, methods, and goals." The evidence at trial did not support a finding that [the Petitioner] was involved in a separate conspiracy. Instead, the evidence at trial showed rather compellingly that one, and only one, enterprise controlled the distribution of [cocaine in Shelby during the time at issue.]

**United States v. Stockton, 349 F.3d 755, 762 (4th Cir. 2003).**

Petitioner's argument is based on his presupposition that "when an indictment alleges the existence of a single conspiracy between multiple

6

defendants, if *direct* trial evidence does not show express agreement between all of the defendants, then there must be multiple conspiracies at work[.]" **United States v. Jackson, 2006 WL 448879 \*\*3 (4th Cir. 2006).** This is incorrect. *Id.* To prove a single conspiracy, the government must prove beyond a reasonable doubt an agreement to violate the federal drug laws, the defendant's knowledge of the conspiracy and his deliberate and willing joining thereof and participation therein. **United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001).** Almost every witness testified to knowing the Petitioner and to his involvement as a street level dealer for Young and thus, he was connected to almost each of the co-conspirators. *Id.* The evidence showed that he was involved in this conspiracy which operated as one large cocaine conspiracy. **Accord, United States v. Squillacote, 221 F.3d 542, 574 (4th Cir. 2000).** There was no evidence that he was only involved in a totally unrelated conspiracy and thus, there was no error in failing to provide a multiple conspiracies instruction. **Stockton, supra.; United States v. Roberts, 262 F.3d 286 (4th Cir. 2001).**

To the extent that the Petitioner claims trial and appellate counsel were ineffective for failing to argue the issue of multiple conspiracies, that

7

argument is rejected as well. Since the evidence showed only a single conspiracy, counsel cannot have been ineffective for failing to make an argument otherwise. **United States v. Lauria, 199 F.3d 1324 (2nd Cir. 1999); Sims v. United States, 103 F.3d 133 (7th Cir. 1996); McLendon v. United States, 2006 WL 335895 (W.D.N.C. 2006).**

The Petitioner argues that Rule 404(b)[2] evidence of his drug dealing prior to the point in time that this conspiracy began was introduced erroneously and prejudiced him. He also claims the Government failed to file a notice pursuant to Rule 404(b). Pursuant to the Discovery Order, the Government was obligated to disclose any Rule 404(b) evidence no later than one week prior to trial. **Standard Discovery Order, filed July 29, 1996, at 3.** During the trial, the Petitioner's attorney noted that he had received the evidence prior to trial through the Government's open file and argued against its admission as Rule 404(b) evidence. **Exhibits C1-C4, attached to Petitioner's Motion.** He did not argue that a formal notice had not been filed by the Government because the evidence was located in the open file. Since the disclosure of Rule 404(b) evidence had been ordered and occurred before trial, the filing of a formal notice would have

---

[2]**Federal Rule of Evidence 404(b).**

been superfluous. ***United States v. Williams***, 49 Fed.Appx. 420 (4th Cir. 2002); ***United States v. Morrison***, 133 F.3d 919 (4th Cir. 1998) **(Rule 404(b) does not specify which type of notice must be given, only that notice be provided. Thus, the Government's disclosure was sufficient.).**

Moreover, the evidence was properly admitted to show that the Petitioner was not, as he claimed, an "unwitting participant" in the conspiracy due to his role as a street level dealer. ***United States v. Sanchez***, 118 F.3d 192, 195 (4th Cir. 1997); ***United States v. Uzenski***, 434 F.3d 690, 710 (4th Cir. 2006). And, even if the admission of this evidence had been erroneous, the other evidence was so compelling that there is no possibility that the admission would have impacted the outcome of the trial. ***United States v. White***, 405 F.3d 208, 213 n.3 (4th Cir. 2005).

The Petitioner also claims that the admission of evidence of his prior drug dealings expanded the scope of the conspiracy and allowed more quantities of drugs to be attributed to him. The Petitioner's sentence, however, was based on drug quantities attributed to him based on conduct which occurred in 1994 and 1995, not on conduct involved in the 1990 prior state conviction. **Presentence Report, date October 17, 1997.**

Moreover, the issue of the drug quantity attributed to the Petitioner was raised and rejected on direct appeal by the Fourth Circuit and may not be renewed in a collateral attack. **United States v. Roane, 378 F.3d 382, 397 (4th Cir. 2004); United States v. Rush, 99 Fed.Appx. 489 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).**

Petitioner's next argument is that his trial counsel failed to move to suppress his statement to authorities and his appellate counsel refused to raise this issue on appeal. During the trial, testimony was taken from Deputy Sheriff Kenny Smith concerning the statement given by the Petitioner. The testimony established that the Petitioner voluntarily went to the Sheriff's Department on November 14, 1995 and after being advised of his rights, knowingly and voluntarily provided a statement to the Deputy and Agent Felton of the Bureau of Alcohol, Tobacco and Firearms (ATF). **Exhibits G1-G3, attached to Motion.** Since trial counsel had no valid grounds on which to attack the statement, counsel was not ineffective in failing to file a suppression motion. **United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999).** "Counsel is not required by the Sixth Amendment to file meritless motions." **Wagner v. United States, 377**

10

F.Supp.2d 505, 510 (D.S.C. 2005), quoting *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); accord, *Leano v. United States*, 334 F.Supp.2d 885, 894 (D.S.C. 2004) ("Because there was nothing illegal or unconstitutional about the search and seizure in this case, the Petitioner's counsel cannot be found ineffective for failing to raise the issue."). The same reasoning applies to the Petitioner's appellate counsel.

Next, the Petitioner raises another claim made on direct appeal: that the transcripts of the opening and closing statements were missing and he was thus prejudiced. That argument was rejected on direct appeal and may not be raised now. *Boeckenhaupt, supra*. To the extent that the Petitioner claims his attorneys were ineffective in either failing to order those transcripts or settling the record, that argument is also rejected. The Petitioner has failed to allege what, if anything, was contained within those transcripts which prejudiced his trial. *Calhoun v. Parke*, 142 F.3d 439 (7th Cir. 1998); *Turner v. Champion*, 131 F.3d 152 (10th Cir. 1997) ("Petitioner's conclusory and conjectural assertion [] that these were 'critical portions of the trial proceedings where common errors occur,'" was insufficient to show ineffective assistance.); *Cooper v.*

11

*Campbell*, 597 F.2d 628, 631 (8th Cir. 1979) (Assuming *arguendo* that counsel failed to order these transcripts, "[a]t most, counsel's failure to order transcription of the [] opening statements reflected poor judgment, not dereliction of duty."); *Baranow v. United States*, 703 F.Supp. 134, 138 (D.Me. 1988) ("Although Petitioner alleges that counsel failed to obtain the transcripts of opening and closing arguments, there is no suggestion of how this might have affected the outcome of his case. Moreover, many attorneys decide not to request such transcripts if, in their judgment, no bases for appeal can be found therein.").

The Petitioner's direct appeal was not resolved until August 11, 2003. By that time, the Supreme Court's decision in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), had been rendered. Citing *Apprendi*, the Petitioner argues that the indictment his case did not specify the drug quantity for which he was sentenced in 1998. The Supreme Court held in *Apprendi* that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. However, the Fourth Circuit has held that *Apprendi* may not be applied retroactively to cases on

collateral review. *San-Miguel v. Dove*, **291 F.3d 257 (4th Cir. 2002).** Thus, to the extent that the Petitioner argues the Court erred in sentencing him based on drug quantities not alleged in the indictment, *Apprendi* does not apply retroactively.

Moreover, the Petitioner's conviction and sentence would not be illegal under *Apprendi* in any event. *Apprendi* requires that *other than a prior conviction*, any fact which increases the penalty *beyond the statutory maximum* must be alleged in the indictment and found by a jury. The Petitioner had a prior felony drug conviction which required that he be sentenced to not less than 30 years. **21 U.S.C. §841(b)(1)(C).** Since he was sentenced to 20 years, his sentence did not exceed the statutory maximum.

Likewise, the Petitioner's claim that his appellate attorney was ineffective for failing to raise the *Apprendi* issue also fails. His sentence did not exceed the statutory maximum; thus, there was no *Apprendi* error and it would have been futile to have raised the issue on appeal.

Finally, the Petitioner raises a third claim already addressed on direct appeal. The Petitioner claims that prior to trial he never received a copy of the 21 U.S.C. §851 notice of his prior felony drug conviction. This claim

13

was raised and rejected on direct appeal and therefore may not be the subject of collateral attack. **Boeckenhaupt, supra.**

Because Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached. As to the other grounds raised, the Court finds none of them merit relief. Because the motion may be summarily dismissed based on the record before the Court, the Court finds the Petitioner's request for an evidentiary hearing should also be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. §2255 is hereby **DENIED**. A Judgment dismissing the action is filed herewith.

Signed: June 12, 2006

Lacy H. Thornburg
United States District Judge